IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Irvin Jefferson Wilson, | ) | C/A No. 4:05-462-DCN-TER |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| State of South Carolina, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner, Irvin Jefferson Wilson, ("petitioner/Wilson"), filed this habeas petition on February 15, 2005. Based on the change of address filed with the court by petitioner and respondent's memorandum, petitioner is not currently confined in the South Carolina Department of Corrections.

Petitioner, appearing *pro se*, filed his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254[1]. Respondent filed a motion for summary judgment on May 11, 2005, along with supporting memorandum. The undersigned issued an order filed May 12, 2005, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising petitioner of the motion for summary judgment procedure and the possible consequences if he failed to respond adequately. Petitioner filed a response to respondent's motion for summary judgment on June 6, 2005.

---

[1] This habeas corpus case was automatically referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02, DSC. Because this is a dispositive motion, this report and recommendation is entered for review by the court.

**PROCEDURAL BACKGROUND**

The procedural history as set forth by respondent in its memorandum has not been seriously disputed by petitioner in his response. Therefore, the undersigned will set out the undisputed procedural history as set forth by respondent.

Petitioner was indicted at the January 1986 term of the Court of General Sessions for Greenville County for failure to return rental property, Indictment No. 86-GS-23-742. The prosecution of this indictment was ended on March 10, 1986, upon return of the goods in question.

Petitioner was also indicted at the September 1987 term of the Court of General Sessions for Greenville County for burglary, third degree, Indictment No. 87-GS-23-5223; burglary, second degree, Indictment No. 87-GS-23-5224; larceny, Indictment No. 87-GS-23-5225; and petit larceny, Indictment No. 87-GS-23-5226. Prosecution of Indictment Nos. 87-GA-23-5223 and 87-GS-23-5226 was ended on March 10, 1988. On March 8, 1988, the petitioner proceeded to a jury trial on the remaining indictments. He was represented in this matter by Larry Cooke of the Greenville County Bar. Following the trial, petitioner was convicted as charged and sentenced by the Honorable C. Victor Pyle, Jr., as follows:

| Indictment Numbers | Sentence |
| --- | --- |
| 87-GS-23-5224 | 10 years suspended on 5 years probation |
| 87-GS-23-5225 | 30 days |

Thereafter, petitioner was indicted at the May 1988 term of the Court of General Sessions for Greenville County for larceny, Indictment Nos. 88-GS-23-3244; burglary, second degree, Indictment No. 88-GS-23-3246; burglary, second degree, Indictment No. 88-GS-23-3247; breaking

into a motor vehicle and grand larceny, Indictment No. 88-GS-23-3248; and larceny, Indictment No. 88-GS-23-3249.

Petitioner pled guilty to these indictments on September 9, 1988. He was represented in that matter by Ned Miller of the Greenville County Bar. He was sentenced by the Honorable Frank Eppes as follows:

| Indictment Numbers | Sentence |
| --- | --- |
| 88-GS-23-3244 | 10 years suspended with probation for 5 years, consecutive |
| 88-GS-23-3246 | 15 years suspended during probation, consecutive |
| 88-GS-23-3247 | 15 years suspended during probation, consecutive |
| 88-GS-23-3248 | 10 years suspended during probation, consecutive |
| 88-GS-23-3249 | 10 years suspended during probation, consecutive |

Subsequently, petitioner was also indicted at the April 1989 term of the Court of General Sessions for Greenville County for petit larceny, Indictment No. 89-GS-23-3291; and burglary, second degree, Indictment No. 89-GS-23-3292. He was represented in this matter by William Walsh of the Greenville Bar. A jury trial was held on April 26, 1989, at the conclusion of which petitioner was found guilty as charged. He was sentenced by the Honorable C. Victor Pyle, Jr., to confinement for a period of fifteen (15) years on the charge of burglary, second degree, which sentence was concurrent to his probationary sentences. Petitioner received a sentence of thirty (30) days on the charge of petit larceny. Further, as a condition of Judge Pyle's sentence, petitioner's probationary sentences on Indictment Nos. 88-GS-23-3246, 3247, 3248 and 3249 were revoked and activated.

Petitioner filed a timely Notice of Intent to Appeal his April 26, 1989, trial conviction. Following the submittal of briefs by both sides, the South Carolina Supreme Court affirmed in part and remanded in part petitioner's conviction. Specifically, the Court affirmed petitioner's trial convictions and remanded the probation revocations for a determination of the timeliness of the issuance of the probation revocation warrants. *State v. Wilson*, Op. No. 91-MO-85 (filed March 4, 1991).

Thereafter, the Honorable M. Duane Shuler revoked petitioner's probationary sentences on August 9, 1991, and ran those sentences consecutive to the sentences imposed by Judge Pyle on April 26, 1989.

Petitioner made his first petition for a writ of habeas corpus in federal court filed May 7, 1991. *Wilson v. Lindler,* 3:91-1237-18AK. In his petition, Wilson challenged the April 25-26, 1989, convictions of burglary in the second degree and petit larceny. He asserted a lack of subject matter jurisdiction for the burglary charge and the probation. The District Court granted federal habeas relief on the burglary charge. The United States Court of Appeals, en banc, reversed the decision granting federal habeas corpus. *Wilson v. Lindler*, 995 F.2d 1256, 1264 (4$^{th}$Cir.), (Widener, J.dissenting), adopted 8 F.3d 173 (4th Cir. 1993)(en banc)(per curiam). Certiorari to the United States Supreme Court was denied on February 22, 1994.

Petitioner also filed a state Petition for Writ of Habeas Corpus dated May 11, 1992. By Order of the Honorable C. Victor Pyle, Jr., dated August 31, 1992, that Petition was construed as an Application for Post-Conviction Relief. *Wilson v. State*, 92-CP-23-1752. In this pleading, petitioner alleged that he was being held in custody unlawfully for the following reason:

> The Applicant alleges that his sentence is being incorrectly computed by the South Carolina Department of Corrections. The Applicant asserts that he should only have a fifteen year sentence while the Department of Corrections reflects that he has a thirty year sentence.

Respondent made its Return on October 21, 1992. An evidentiary hearing into the matter was convened on November 3, 1993, at the Greenville County Courthouse. Petitioner was present at the hearing and was represented by Daniel J. Farnsworth, Esquire, of the Greenville County Bar. The Respondent was represented by David K. Avant, of the South Carolina Attorney General's Office. Following the hearing, the Honorable Larry R. Patterson issued an Order of Dismissal dated January 7, 1994, denying and dismissing with prejudice petitioner's claim for post-conviction relief.

Petitioner filed a timely Notice of Intent to Appeal the denial of his previous post-conviction relief action. He was represented by Robert M. Dudek, of the South Carolina Office of Appellate Defense. Petitioner's appeal was denied on February 24, 1995, after review under *Johnson v. State*, 294 S.C. 310, 364 S.E.2d 201 (1988).

Petitioner made a second application for postconviction relief in Greenville on April 13, 1994. *Wilson v. State*, et. al., 94-CP-23-1711. In this Application, petitioner alleged that he was being held in custody unlawfully for the following reasons:

1. Denied United States Constitutional 6th Amendment Rights a. (In this application he asserted 23 specifications of ineffective assistance of counsel against his trial counsel, William Walsh in the April 1989 trial.)

2. Denied United States Constitutional 14th Amendment Rights;

3. Denied rights under Article 1, Section 3 of South Carolina Constitution;

>    4.   Denied rights under Article 1, Section 14 of South
>         Carolina Constitution.
>
> (The Petitioner set forth numerous claims in support of his allegations
> in the attachments to his Application.)

Respondent made a return dated May 25, 1994, asserting that the matter should be dismissed as successive. A Conditional Order of Dismissal was entered on June 19, 1995, by the Honorable L. Henry McKellar, Presiding Judge, finding that the matter must be dismissed as successive. Petitioner opposed the Conditional Order of Dismissal and also made a petition for a writ of habeas corpus asserting further challenges to his conviction. On April 10, 1996, Judge McKellar entered a Final Order of Dismissal which respondent submits was served by mail on April 22, 1996, at McCormick Correctional Institution. No appeal was taken from this order.

However, petitioner continued to file matters under the *Wilson v. State*, 94-CP-23-1117 case number. On June 4, 1996, he made a supplemental brief in support of his application supplementing his earlier opposition to the respondents' motion. At this time he was at Dutchman Correctional Center. On August 2, 1996, respondents filed another return in the matter, however using the docket number as 96-CP-23-1711. In the return, the respondents were addressing solely his claim related to the calculation of good-time credits. Counsel was appointed around August 16, 1996. Arguments were heard in the Applicants credit claim. He was not present, but was represented by counsel. On October 21, 1996, the Honorable Frank P. McGowan entered an order dismissing the application of Wilson and other applicants who had raised challenges to the calculation. The order noted that the matter was in *Wilson v. State*, 96-CP-23-1117.

This matter was appealed to the South Carolina Supreme Court. The South Carolina Supreme Court upheld the order and denied relief in *Busby, et al v. Moore,* 330 S.C. 201, 498 S.E.2d 883 (April 13, 1998).

Wilson next filed another application for state post-conviction relief on March 23, 1998. *Wilson v. State*, 98-CP-23-1013. Respondents made a return on March 9, 1999, requesting that the matter be dismissed as successive to the prior PCR cases. An amended application was filed on September 14, 1999, and the response was made on September 20, 1999. In this application, he raised numerous grounds for relief including:

1. Applicant did not knowingly and intelligently waive his right to appeal from his denial of his earlier state PCR matter in 1996.

2. Numerous allegations of ineffective assistance of counsel.

An evidentiary hearing was convened before Judge A. Victor Rawl. The Applicant was present and represented by Russell Harter. Respondents were represented by Barbara Tiffin of the Attorney General's Office. On August 8, 2000, Judge Rawl entered an order denying relief. Judge Rawl initially found that he had failed to prove that he had been deprived of his right to appeal his prior state PCR actions since he determined that both had been appealed. Second, he concluded that the claims of ineffective assistance of counsel should be dismissed as successive to his prior state PCR matters.

Petitioner made an appeal to the South Carolina Supreme Court. In the appeal, he was represented by Robert M. Pachak of the South Carolina Office of Appellate Defense. A <u>Johnson</u> Petition for writ of certiorari and request to be relieved as counsel were filed on February 1, 2001. In the petition, he asserted that the application should not have been dismissed as successive. On

October 25, 2001, the Supreme Court of South Carolina entered its order denying the petition and granting counsel's request to withdraw.

Petitioner next made a petition for writ of habeas corpus before this Court in *Wilson v. Smith*, 6:01-4443-18AK. In that Petition, petitioner made the following allegations:

> I.  Denied the right to an appeal.
>
>     a.  Wilson asserts that he did not receive any notification that his post-conviction relief application in 94-CP-23-1117 had been dismissed on June 22, 1995 from the Clerk of Court for Greenville County. He had requested documents he forwarded to Northside Correctional Institution.
>
> II. His Fourth Amendment rights were violated where the arrest warrant #89-GS-23-3291,3292 fails to meet probable cause.
>
>     a.  He asserts that burglary of a dwelling does not apply once a fire has made it "inhabitable."
>
>     b.  He asserts his counsel, William Walsh failed to recognize the claim or subpoena witnesses or alibi witnesses, including Rufus Walker.
>
> III. Conviction obtained by use of evidence gained pursuant to an illegal search and seizure.
>
>     a.  He asserts counsel Miller was ineffective in tricking him to plead guilty on indictments 3244, 3246, 3247, 3248, 3249;
>
>         1.  He asserts he was questioned without

                                      Miranda warnings and his residence was search without warrants or his consent.

IV.      Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.

        a.      In June 1989, he left his residence to visit his girlfriend and took a short cut through a school yard and was arrested "for no reason" by Officer James Wilson and Jailor Patterson.

                1.      State law prohibits jailors to assist patrol officers.

V.       The State defaulted in failing to timely respond to the 1998 state post-conviction relief application.

VI.      The Double Jeopardy Clause applies to successive non-capital sentence enhancement proceedings.

        a.      The Department of Corrections illegally took his parole eligibility date.

Respondents made a motion for summary judgment on April 26, 2002. On October 22, 2002, the undersigned entered a report and recommendation recommending 1)that the entire petition be dismissed pursuant to Rule 41 failure to prosecute, 2)as barred by the statute of limitations and 3)barred as "successive." On November 13, 2002, Judge Norton entered a judgement affirming the report and recommendation, granting the motion for summary judgement and dismissing the petition. Subsequently, on November 18, 2003, Judge Norton entered an Order denying a belated motion for reinstatement.

On November 23, 2003, Wilson made another application for post-conviction relief in Greenville County. *Wilson v. State*, 2003-CP-23-7706. In that application, Wilson alleged again that he was being held in custody unlawfully for the following reasons:

1. "State trial judge violated Appellant due process rights by denying him the jury instruction of lesser included offense, State trial judge's decision was contrary to clearly established law, and trial judge's error substantial and injurious effect of influence in determining jury's verdict".

2. "The Applicant conviction obtained by use of evidence obtained pursuant to unlawful arrest, indictment(s) 3244, 3246, 3247, 3248, 3249, (where the State has not provided a full and fair hearing on the merits of the Fourth Amendment claim)."

3. "The Applicant Fourth (4) Amendment Right(s) to the Federal Constitution was violated, where arrest warrant(s) 5224, 5225, fail(s) to meet probable cause for the lodging said against the Applicant for the offenses."

4. "The Applicant submits that the issues presented have not been ruled on in a prior P.C.R. application; the Respondent claim that his application is successive, Applicant objects to that claim.

5. "The law that was dictated by precedent existing at the time of the Applicant's conviction(s) in 1989; the Respondent(s) claim State Statute of Limitations should be stopped because of the positive statutory requirements of exhausting three (3) post conviction applications; three (3) appeals to the South Carolina Supreme Court; and one (1) Federal Writ of Habeas Corpus with appeal to the United States Supreme Court; and another Federal Writ of Habeas Corpus that was denying in October 2003. The Statute of Limitations prescribed in the present case, should not apply, where the rights of Applicant accrued before the adoption of the one (1) year code."

The Respondents made a return and motion to dismiss on March 24, 2004. On April 19, 2004, the Honorable James C. Few entered his Order dismissing the action as belated under the state statute of limitations and as successive as a matter of state law, citing S.C. Code Sections 17-27-45 and 17-27-90. No appeal was taken from the dismissal.

Petitioner filed the instant habeas petition on February 15, 2005, raising the following grounds:

A.  Was the residence in question inhabitable?

   1.  Officer Robert Allen did not have consent to enter residence at 15 Sullivan Street, Greenville, S.C. 29605. The dwelling in question was burned by fire by the state witnesses. Defendant was denied the right to call witnesses in his defense.

B.  Sheriff O. B. Smith and Officer David Webbs neglected to obtain a search warrant to 301 Maloy Street.

   1.  The defendant was denied the right to counsel where his Miranda warning was not given by the above officers that gave them the chance to enter the defendant's home without a warrant or a search warrant.

C.  Whether the Defendant have Fourth Amendment rights?

   1.  The defendant had a right to be free of police brutality where Officer James M. Wilson arrested the defendant with a jailor assisting him. Jailor Patterson who supervises the recreation for state arrestees.

(Petition).

## SUMMARY JUDGMENT

On May 11, 2004, respondent filed a return and memorandum of law in support of its motion for summary judgment (doc. # 6). Petitioner responded to the motion for summary judgment. (Doc.

11

# 8). On September 23, 2005, petitioner filed a notice of change of address to 215 Perry Avenue, Greenville, SC. (doc. # 9).

The federal court is charged with liberally construing the complaints filed by pro se litigants, to allow them to fully develop potentially meritorious cases. *See Cruz v. Beto*, 405 U.S. 319 (1972), and *Haines v. Kerner*, 404 U.S. 519 (1972).  The court's function, however, is not to decide issues of fact, but to decide whether there is an issue of fact to be tried.  The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim,  *Weller v. Department of Social Services*, 901 F.2d 387 (4th Cir. 1990), nor can the court assume the existence of a genuine issue of material fact where none exists.  If none can be shown, the motion should be granted.  Fed. R. Civ. P. 56(c).

The movant has the burden of proving that a judgment on the pleadings is appropriate.  Once the moving party makes this showing, however, the opposing party must respond to the motion with "specific facts showing that there is a genuine issue for trial."  The opposing party may not rest on the mere assertions contained in the pleadings.  Fed. R. Civ. P. 56(e) and *Celotex v. Catrett*, 477 U.S. 317 (1986).

The Federal Rules of Civil Procedure encourage the entry of summary judgment where both parties have had ample opportunity to explore the merits of their cases and examination of the case makes it clear that one party has failed to establish the existence of an essential element in the case, on which that party will bear the burden of proof at trial.  See Fed. R. Civ. P. 56(c).  Where the movant can show a complete failure of proof concerning an essential element of the non-moving party's case, all other facts become immaterial because there can be "no genuine issue of material fact."  In the Celotex case, the defendants are "entitled to judgment as a matter of law" under Rule

56(c) because the petitioner has failed to make a sufficient showing on essential elements of his case with respect to which he has the burden of proof. Celotex, 477 U.S. at 322-323.

## STANDARD OF REVIEW

Since Wilson filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C. § 2254(d), as amended. *Lindh v. Murphy*, 117 S. Ct. 2059 (1997); *Breard v. Pruett*, 134 F.3d 615 (4th Cir. 1998); *Green v. French*, 143 F.3d 865 (4th Cir. 1998). That statute now reads:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

To a large extent, the amendment of § 2254 shifts the focus of habeas review to the state court application of Supreme Court law. *See O'Brien v. DuBois*, 145 F.3d 16 (1st Cir. 1998) ("the AEDPA amendments to section 2254 exalt the role that a state court's decision plays in a habeas proceeding by specifically directing the habeas court to make the state court decision the cynosure of federal review."). Further, the facts determined by the state court to which this standard is applied are presumed to be correct unless rebutted by the petitioner by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

The United States Supreme Court has addressed procedure under § 2254(d). *See Williams v. Taylor*, 529 U.S. 362, 120 S.Ct. 1495 (2000). In considering a state court's interpretation of

federal law, this court must separately analyze the "contrary to" and "unreasonable application" phrases of § 2254(d)(1).

> A state-court decision will certainly be contrary to [the Supreme Court's] clearly established precedent if the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases . . . A state- court decision will also be contrary to this Court's clearly established precedent if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [the Court's] precedent.
>
> [A] state-court decision involves an unreasonable application of [the Supreme] Court's precedent if the state court identifies the correct governing legal rule from this Court's cases but unreasonably applies it to the facts of the particular state prisoner's case. Second, a state-court decision also involves an unreasonable application of [the] Court's precedent if the state court either unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply.

Id. at 1519-20. Ultimately, a federal habeas court must determine whether "the state court's application of clearly established federal law was objectively unreasonable." Id. at 1521.

The AEDPA became effective on April 24, 1996. The AEDPA substantially modified procedures for consideration of habeas corpus petitions of state inmates in the federal courts. One of those changes was the amendment of 28 U.S.C. § 2244 to establish a one-year statute of limitations for filing habeas petitions.

## ARGUMENTS

Respondent asserts that the entire petition as it relates to the April 1989 conviction should be dismissed as successive under 28 U.S.C. §2244. As to the other convictions, respondent submits

that they are subject to dismissal as a belated application beyond the one year statute of limitations of 28 U.S.C. §2244(d). The undersigned agrees.[2]

Chapter 153 of Title 28 of the United States Code provides a statutory framework for federal post-conviction relief from judgments of conviction entered in federal and state courts. Under this framework, individuals convicted of crimes in state courts seek federal habeas corpus relief through 28 U.S.C. § 2254. *See* In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997) (footnote omitted). On April 24, 1996, the President signed into law the Anti-Terrorism and Effective Death Penalty Act of 1996 (the "AEDPA") which, in part, amended Chapter 153.

The AEDPA effected a number of substantial changes regarding the availability of federal post-conviction relief to individuals convicted of crimes in federal and state courts. Of particular importance here are the provisions of the AEDPA codifying and extending judicially constructed limits on the consideration of second and successive applications for collateral relief. *See Felker v. Turpin*, 518 U.S. 651, 657 (1996). Under the AEDPA, an individual may not file a second or successive section 2254 Petition for a writ of habeas corpus or section 2255 motion to vacate sentence without first receiving permission to do so from the appropriate circuit court of appeals.

---

[2] This court may take judicial notice of Civil Action No. 3:91-1237-18 and 6:01-4443-18. Aloe Creme Laboratories, Inc. v. Francine Co., 425 F.2d 1295, 1296 (5th Cir. 1970). *See also* Colonial Penn Ins. Co. v. Coil, 887 F.2d 1236, 1239, 1989 U.S.App. LEXIS® 16328 (4th Cir. 1989)("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'"); Mann v. Peoples First National Bank & Trust Co., 209 F.2d 570, 572 (4th Cir. 1954)(approving district court's taking judicial notice of prior suit with same parties: "We think that the judge below was correct in holding that he could take judicial notice of the proceedings had before him in the prior suit to which Mann and the Distilling Company as well as the bank were parties."); and United States v. Parker, 956 F.2d 169, 171, 1992 U.S.App. LEXIS® 1319 (8th Cir. 1992).

*See* In re Vial, 115 F.3d at 1194.[3]

The "gatekeeping" mechanism created by the AEDPA amended section 2244(b) to provide:

> The prospective applicant must file in the court of appeals a motion for leave to file a second or successive habeas application in the district court. § 2244(b)(3)(A). A three-judge panel has 30 days to determine whether the application makes a prima facie showing that the application satisfies the requirements of § 2244(b). § 2244(b)(3)(C); see § 2244(b)(3)(B), (D).

*Felker v. Turpin*, 518 U.S. 651, 657 (1996).

Because petitioner did not obtain authorization from the Fourth Circuit Court of Appeals to file the within Petition in the district court, this Court does not have jurisdiction to consider it. *See Romandine v. United States*, 206 F.3d 731, 734 (7th Cir. 2000); *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000); *Hernandez v. Campbell*, 204 F.3d 861, 866 (9th Cir. 2000); *United States v. Barrett*, 178 F.3d 34, 41 (1st Cir. 1999), *cert. denied*, 528 U.S. 1176 (2000); *Lopez v. Douglas*, 141 F.3d 974, 975-76 (10th Cir.), *cert. denied*, 525 U.S. 1024 (1998); *Williams v. Hopkins*, 130 F.3d 333, 336 (8th Cir. 1997); *Hill v. Hopper*, 112 F.3d 1088, 1089 (11th Cir. 1997).

Respondent asserts that any remaining or new claims raised by petitioner must be dismissed as untimely.

The applicable law is as follows: The AEDPA became effective on April 24, 1996. The AEDPA substantially modified procedures for consideration of habeas corpus petitions of state

---

[3] Petitioner may be able to present a claim for the first time in a successive habeas petition where the claim relies on a new rule of constitutional law, *see* 28 U.S.C. § 2244(b)(2)(A), or, if the claim is based on newly discovered evidence, where the Petitioner can make a prima facie showing of both cause and prejudice within the meaning of § 2244(b)(2)(B)(i) and § 2244(b)(2)(B)(ii). *See Evans v. Smith*, 220 F.3d 306, 323 (4th Cir. 2000). Petitioner is advised that "[t]he grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari." § 2244(b)(3)(E).

inmates in the federal courts. One of those changes was the amendment of 28 U.S.C. § 2244 to establish a one-year statute of limitations for filing habeas petitions.[4] Subsection (d) of the statute now reads:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the <u>latest</u> of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a "properly filed" application for State post- conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection. (Emphasis added).

---

[4] Prior to this amendment there was no statute of limitations. Habeas Rule 9(a) allowed dismissal only where the state could show it had been prejudiced by a delay in filing. *Duarte v. Hershberger*, 947 F. Supp. 146, 148, n.2 (D.N.J. 1996).

However, "[t]ime during which a properly filed state court application for collateral review is pending is excluded from the one year period." *Reyes v. Keane*, 90 F.3d 676 (2nd Cir. 1996); 28 U.S.C. § 2244(d)(2).

For convictions that became final before the AEDPA's effective date, the limitations period began on April 24, 1996. *See Harris v. Hutchinson*, 209 F.3d 325, 328 (4th Cir. 2000); *Brown v. Angelone, supra*. The period therefore expires on April 24, 1997 (absent tolling). *See Hernandez v. Caldwell*, 225 F.3d 435, 439 (4th Cir. 2000).

Petitioner did not file his habeas petition within one year of the denial of his last PCR appeal by the South Carolina Supreme Court on October 25, 2001. As previously stated, petitioner did not file this habeas petition until February 15, 2005. Thus, not only is the petition successive, it is also barred by the statute of limitations.

Based on the above reasons, the undersigned finds that the respondents' motion for summary judgment should be granted.

## CONCLUSION

As set out above, a review of the record indicates that the petitioner's federal habeas corpus petition should be dismissed as successive and as it is barred by the statute of limitations. It is, therefore,

Recommended that respondent's motion for summary judgment (document # 6) be GRANTED in its ENTIRETY, and the petition be dismissed without an evidentiary hearing.

Respectfully Submitted,

s/Thomas E. Rogers, III

January 6, 2006                                             Thomas E. Rogers, III
Florence, South Carolina                                    United States Magistrate Judge

**The parties' attention is directed to the important notice on the next page.**

## Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"
## &
## The Serious Consequences of a Failure to Do So

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within ten (10) days of the date of service. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. *See* Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410, 1993 U.S.Dist. LEXIS® 3411 (D.S.C. 1993).

During the ten-day period for filing objections, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections. *See* Keeler v. Pea, 782 F. Supp. 42, 43-44, 1992 U.S.Dist. LEXIS® 8250 (D.S.C. 1992); and Oliverson v. West Valley City, 875 F. Supp. 1465, 1467, 1995 U.S.Dist. LEXIS® 776 (D.Utah 1995). Failure to file written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. *See* United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509, 1991 U.S.App. LEXIS® 8487 (6th Cir. 1991). *See also* Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

*See also* Branch v. Martin, 886 F.2d 1043, 1046, 1989 U.S.App. LEXIS® 15,084 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review"). This notice, hereby, apprises the plaintiff of the consequences of a failure to file specific, written objections. *See* Wright v. Collins, supra; and Small v. Secretary of HHS, 892 F.2d 15, 16, 1989 U.S.App. LEXIS® 19,302 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

Larry W. Propes, Clerk
United States District Court
Post Office Box 2317
Florence, South Carolina 29503
